# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LINDA S. PATRICK,

        Debtor.

Case No. F04-00382-DMD
Chapter 7

**Filed On
4/28/05**

## ORDER ON APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS

Pending before the court is the application of the debtor's attorney, Valerie Therrien, for allowance of fees and costs incurred in this proceeding.  Ms. Therrien seeks an award of $7,490.00 in fees and $493.75 in costs, for a total award of $7,984.25.  The application has been duly noticed, and no objections have been filed.  I have reviewed the amounts requested by Ms. Therrien and, for the reasons discussed below, have concluded that the amounts requested must be reduced.  Therefore,

**IT IS ORDERED** that the amended application for approval of attorney's fees and costs, filed by debtor's attorney Valerie Therrien on February 28, 2005, is granted, in part, and Ms. Therrien is awarded fees in the sum of $3,586.50 and costs in the sum of $382.75, for a total award of $3,969.25.  Ms. Therrien may apply the retainer she has received, $2,187.00, against this award.  The balance of $1,782.25 is allowed as a chapter 13 administrative expense, to be paid in accordance with 11 U.S.C. § 726 to the extent that there are sufficient funds in this estate at the time of the trustee's final distribution.

<u>Discussion</u>

The bankruptcy court has an independent duty to review requested fees and costs of professionals, and may award less than the amount requested by a professional.[1] Additionally, compensation to an attorney representing an individual debtor in a chapter 12 or 13 case must be reasonable and the court must consider the benefit and the necessity of such services to the debtor.[2]  In reviewing Ms. Therrien's fee application, I find that the amount of fees and costs requested are excessive in the context of this case.  This was not a particularly complex chapter 13 case.  The debtor's schedules and statements were fairly straightforward, as were the debtor's initial and first amended plan.  Neither plan was confirmed, nor was a confirmation hearing held.  Eight months after the debtor's petition was filed, and after the trustee filed a motion to dismiss based on the debtor's failure to make plan payments and provide copies of tax returns, the case converted to chapter 7 .

Ms. Therrien's fee application includes services that were performed pre-petition, during the pendency of the case under chapter 13, and after conversion of the case to chapter 7.  The fees performed under chapter 7 are not administrative expenses and cannot be recovered from the bankruptcy estate.[3]  The pre-petition fees, which are nominal ($367.50), are also not entitled to administrative expense status.  The fees billed while this case was in chapter 13 exceed $6,300.00.  This amount greatly exceeds the "deemed

---

[1] 11 U.S.C. § 330(a)(2).

[2] 11 U.S.C. § 330(a)(4)(B).

[3] *Lamie v. United States Trustee*, 540 U.S. 526 (2004).

2

approved" amount permissible under local rule for chapter 13 counsel,[4] and is more than what is customarily charged by attorneys for chapter 13 debtors in this district,[5]  Of the fees charged while this case was in chapter 13, between April 9, 2004, and December 9, 2004, $3,586.00 is for services performed by Ms. Therrien and $2,013.75 is for services performed by paralegals in her office.[6]  Extensive paralegal time (17 hours, or $1,275.00) was billed for preparation of the schedules and statements alone.  I feel that allowance of any fees beyond what Ms. Therrien has requested for her services in this case, while pending as a chapter 13, would be unreasonable.  Her fees will therefore be allowed in the sum of $3,586.00, as a chapter 13 administrative expense.  The balance of the requested fees are disallowed.

Ms. Therrien's requested costs will also be reduced by the sum of $91.00.  This amount represents fax charges billed at the rate of $1.00 per page.  This rate exceeds those allowable under guidelines adopted by the United States Trustee, which permit a charge of $0.35 per page for outgoing long distance facsimiles (in lieu of actual long distance phone charges), $0.20 per page for incoming facsimiles (representing the copy expense), and no allowable costs for sending a local facsimile.  The remaining costs requested, in the sum of

---

[4]*See* AK LBR 2016-1(h)(2)(C), (D) [In consumer chapter 13 cases, the "deemed allowed" sum is $1,750.00 and for business (non-consumer) cases, the sum is $2,750.00].

[5]*See* 11 U.S.C. § 330(a)(3)(E).

[6]Some of the paralegal charges were either excessive or more in the nature of secretarial services, and are not included in this total.  The excluded paralegal charges are:  5/12/04 by RCK for "file application for attorney fees and plan; convert documents to PFD [sic], scan as necessary; input #s and certificate of service; conference w/Maia and Donna regarding service" (4.5 hr.) [secretarial]; 5/17/04 by RCK for "compose and file attorney disclosure of compensation; w/copy to client" (0.75 hr) [excessive]; 5/24/04 by JND for "serve all notices on creditors" (1.50 hr.) [secretarial]; 8/19/04 by RCK for "message to Valerie to try and contact Linda" (0.05 hr.) [secretarial].

$382.75, will be allowed.  Ms. Therrien has received a retainer in the sum of $2,817.00, which she may apply against the total fees and costs awarded, leaving a balance of $1,782.25 as an allowed chapter 13 administrative expense.

DATED: April 27, 2005

BY THE COURT

  /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  V. Therrien, Esq.
           L. Compton, Trustee
           U. S. Trustee


           04/28/05

4